# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CORBBLIN B. BUSH,**

        **Plaintiffs,**

v.                                                     Case No:  6:18-cv-528-Orl-18GJK

**BANK OF AMERICA, N.A.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 6)** |
| **FILED:** | April 18, 2018 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED and the case be DISMISSED with leave to amend the complaint**.

On April 6, 2018, pro se Plaintiff Corbblin B. Bush instituted this action by filing a Complaint against Bank of America, N.A. Doc. No. 1. On April 18, 2018, Plaintiff filed his Application to Proceed in District Court Without Prepaying Fees or Costs.  Doc. No. 6.

The United States Congress requires the district court to review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a

claim. 28 U.S.C. § 1915.[1] The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or sua sponte, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)). "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it. *Id.*

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. Pursuant to Local Rule 4.07(a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.07(a).

other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

Plaintiff fails to allege a basis for federal jurisdiction. *See* Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ."); 28 U.S.C. §§ 1331, 1332 (setting forth the bases for federal question and diversity jurisdiction in the federal district courts). Pursuant to 28 U.S.C. § 1332(a)(1), to exercise diversity jurisdiction there must be complete diversity of citizenship between the parties and the amount in controversy must exceed $75,000.00. "[T]o invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000. . . . A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003).

Although Plaintiff lists his citizenship as Florida and Defendant's principal place of business as North Carolina, there is no indication of the amount of actual damages Plaintiff sustained or that Plaintiff's request for punitive damages is made in good faith. Plaintiff states that Defendant breached their contract by failing to protect Plaintiff's account from overdraft fees. Doc. No. 1 at 4. Plaintiff does not state the amount of damages he actually suffered as a result of this failure, such as the amount of fees that he incurred. Instead, Plaintiff requests "80 million and 40 million in punitive money damage . . . ." *Id.* Thus, Plaintiff fails to plead federal court jurisdiction.

Ordinarily, a pro se party should be given one opportunity to file an amended complaint that states a claim within this Court's subject-matter jurisdiction on which relief could be granted. *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002). In an amended complaint, Plaintiff must clearly allege the legal basis of the cause of action (whether a constitutional provision, treaty, statute, or common law), the state citizenship of the parties, and the amount in controversy. Plaintiff should not include argument in the amended complaint. Plaintiff may file a renewed motion to proceed *in forma pauperis* with an amended complaint.

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **DENY** the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 6);
2. **DISMISS** the case; and
3. Grant Plaintiff leave to file an amended complaint within a time established by the Court along with a renewed motion to proceed *in forma pauperis*, with the warning that failure to file an amended complaint within the time permitted by the Court will result in dismissal of the case without further notice.

NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal

conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida, on June 21, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Presiding District Judge
Unrepresented party